IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JONATAN RODRIGUEZ,  :
　　　　　　　　　　　　　　　　:
　　　　　　Petitioner,　　　　　:
　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　: Civil Action No. 16-1178-RGA
　　　　　　　　　　　　　　　　:
DANA METZGER, Warden, and　　　:
ATTORNEY GENERAL OF THE　　　　:
STATE OF DELAWARE,　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Respondents.[1]　　　:

## MEMORANDUM OPINION

Jonatan Rodriguez. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 29, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).


ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Jonatan Rodriguez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed an Answer in opposition, contending that the Petition should be dismissed in its entirety. (D.I. 25) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

On June 13, 2013, Petitioner pled guilty to one count of manslaughter (lesser included offense of first degree murder by abuse or neglect) and assault by abuse or neglect. *See State v. Rodriguez*, 2015 WL 4639236, at *1 (Del. Super. Ct. Aug. 3, 2015). The Superior Court sentenced Petitioner on September 6, 2013 as follows: (1) twenty-five years at Level V incarceration for the manslaughter conviction; and (2) twenty-five years at Level V, suspended after fifteen years, to be followed by probation, for the assault conviction. *Id.*

Petitioner did not file a direct appeal to the Delaware Supreme Court. *See Rodriguez*, 2015 WL 4639236, at *1. On October 3, 2013, he filed a motion to modify or reduce his sentence, alleging ineffective assistance of counsel and deception regarding his sentence. *See Rodriguez*, 2015 WL 4639236, at *1; (D.I. 25 at 2; D.I. 28-7 at 7) The Superior Court denied the motion on November 7, 2013. *See Rodriguez*, 2015 WL 4639236, at *1; (D.I. 25 at 2; D.I. 28-7 at 7) Petitioner did not appeal that judgment.

On February 14, 2014, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging ineffective assistance of counsel regarding the advice defense counsel provided about the plea offer. *See Rodriguez*, 2015 WL 4639236, at *1; (D.I. 25 at 2; D.I. 28-7 at 7) The Superior Court appointed post-conviction counsel to represent Petitioner. *See Rodriguez*, 2015 WL 4639236, at *3. On

December 30, 2014, Petitioner's post-conviction counsel moved to withdraw from the case. *Id.* On January 28, 2015, Petitioner filed an amended *pro se* Rule 61 motion asserting the following claims: (1) actual innocence; (2) his guilty plea was involuntary because it was precipitated by a threat of bodily harm by another inmate; and (3) his guilty plea was involuntary because the plea colloquy was defective. In response, post-conviction counsel requested to stay their motion to withdraw, and investigated Petitioner's contentions. *Id.* Post-conviction counsel ultimately proceeded with their request to withdraw. *Id.* at *4. On August 3, 2015, a Superior Court Commissioner recommended denying the Rule 61 motion and granting post-conviction counsels' request to withdraw. *See Rodriguez*, 2015 WL 4639236, at *10. On September 10, 2015, the Superior Court adopted the Recommendation, denied the Rule 61 motion, and granted counsels' motion to withdraw. *See State v. Rodriguez*, 2015 WL 5675796, at *1 (Del. Super. Ct. Sept. 10, 2015). The Delaware Supreme Court affirmed the Superior Court's decision on post-conviction appeal. *See Rodriguez v. State*, 147 A.3d 232 (Table), 2016 WL 4527576, at *1 (Del. Aug. 29, 2016).

## II. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot grant habeas relief for a claim challenging the validity of the petitioner's state custody unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas

claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

4

*House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained in *Harrington*, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. The Supreme Court expanded the purview of the *Richter* presumption in *Johnson v. Williams*, 568 U.S. 289 (2013). Pursuant to *Johnson*, if a petitioner has presented the claims raised in a federal habeas application to a state court, and the state court opinion addresses some but not all of those claims, the federal habeas court must presume (subject to rebuttal) that

5

the state court adjudicated the unaddressed federal claims on the merits. *Id.* at 298-301. The consequence of this presumption is that the federal habeas court will then be required to review the previously unaddressed claims under § 2254(d) whereas, in the past, federal habeas courts often assumed "that the state court simply overlooked the federal claim[s] and proceed[ed] to adjudicate the claim[s] *de novo.*" *Id.* at 292-93.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner's timely filed § 2254 Petition asserts one ground for relief, namely, that his guilty plea was involuntary because the trial court's inadequate plea colloquy failed to reveal that he only entered the guilty plea as a result of being threatened with death and/or bodily harm. (D.I. 3 at 16-17) Petitioner presented this Claim to the Superior Court in his Rule 61 motion, and the Superior Court denied it as procedurally barred, waived as a result of pleading guilty, and meritless. *See Rodriguez*, 2015 WL 4639236, at *5-10; *Rodriguez*, 2015 WL 5675796, at *1. The Delaware Supreme Court summarily affirmed the Superior Court's decision on the basis of the "Superior Court Commissioner's thorough and well-reasoned report and recommendation dated August 3, 2015." *Rodriguez*, 2016 WL 4527576, at *1. Given the Delaware Supreme

6

Court's affirmance of the Superior Court's overall ruling, the Court could deny the Claim as procedurally barred from habeas review. However, the State does not rely on the Delaware state courts' procedural ruling but, rather, contends that the Court should dismiss the Petition because the Delaware state courts' decisions were neither contrary to, nor an unreasonable application of, clearly established federal law. Given these circumstances, the Court will review Petitioner's Claim under § 2254(d)(1).[2]

The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970). When assessing the voluntary nature of a plea, the representations made by a defendant under oath during a guilty plea colloquy "constitute a formidable barrier in any subsequent collateral proceedings" and "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As explained by the Third Circuit, "[t]he ritual of the [plea] colloquy is but a means toward determining whether the plea was voluntary and knowing. A transcript showing full compliance with the customary inquiries and admonitions furnishes strong, although not necessarily conclusive, evidence that the accused entered his plea without coercion and with an appreciation of its consequences." *United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992).

---

[2]Although the Delaware Supreme Court summarily affirmed the Superior Court's decision, the Court will refer to the Delaware Supreme Court's decision in its § 2254(d)(1) analysis. This shorthand reference is for ease of analysis, and the Court's reference to the Delaware Supreme Court's decision is meant to acknowledge and include the Superior Court's reasoning behind its denial of Petitioner's Claim.

7

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware Supreme Court did not reference federal law when denying Petitioner's argument. Nevertheless, the Delaware Supreme Court's decision was not contrary to clearly established federal law, because the Delaware cases cited therein articulate the applicable precedent.[3] *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir.2008) (Pennsylvania Supreme Court's decision was not "contrary to" clearly established federal law because it appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Moreover, having reviewed the record, the Court concludes that the Delaware Supreme Court's denial of the instant Claim did not involve an unreasonable application of clearly established federal law under § 2254(d)(1). For instance, the transcript of Petitioner's plea colloquy contains his clear and explicit statements that he had discussed his case with defense counsel and that he was satisfied with his counsel's representation. (D.I. 28-1 at 3-4) Petitioner indicated that he understood he could be sentenced up to fifty years in prison, four of which were mandatory. (D.I. 28-1 at 4) Petitioner affirmatively responded that he understood the rights he was giving up by pleading guilty, that nobody promised him what his sentence would be or offered him anything in exchange for his plea, and he acknowledged that he committed the

---

[3]The Delaware Superior Court Commissioner cited *State v. Stuart*, 2008 WL 4868658, at *3 (Del. Super. Ct. Oct. 7, 2008), which cites to *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997). In turn, *Somerville* articulates the standard from *Blackledge*.

charges to which he was pleading guilty. (D.I. 28-1 at 4-5) Finally, the Plea Agreement (D.I. 28-5 at 37) and the Truth-In-Sentencing Guilty Plea Form (D.I. 28-5 at 38) signed by Petitioner demonstrate that he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of fifty years under the criminal penalty statutes.

Based on the foregoing, the Court concludes that Petitioner has failed to provide any evidence sufficient to overcome the presumption that the statements he made during the plea colloquy should be accepted as true. *See* 28 U.S.C. § 2254(e). As a result, the Delaware Supreme Court's holding that Petitioner was bound by the representations he made during the plea colloquy and on the Truth-In-Sentencing form constituted a reasonable application of clearly established federal law as set forth in *Blackledge*.

The Court further holds that the Delaware Supreme Court did not unreasonably apply *Blackledge* or unreasonably determine the facts by rejecting Petitioner's contention that the threat from an inmate rendered his guilty plea involuntary. Notably, Petitioner did not mention the threat when it allegedly occurred on January 11, 2012 or during the plea negotiations that occurred in June 2013. Petitioner also did not mention the threat during his plea colloquy in June 2013, in his October 2013 motion for modification of sentence, or in his initial Rule 61 motion filed in February 2014. The first allegation that he pled guilty as a result of a threat was in January 2015. It is simply implausible (even had Petitioner not already made statements under oath to the contrary) that he was threatened to take a plea in January 2012, did nothing about it

9

until he was actually offered a plea seventeen months later, and then took the plea because of the nearly year-and-a-half-old threat.

Accordingly, the Court will deny the Petition for failing to satisfy § 2254(d).

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.